**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**BRANTLEY SMITH,**

> **Plaintiff,**

**v.**                                                                    **CIVIL ACTION NO.:**

**FRANCIS ASBURY UNITED METHODIST CHURCH**

> **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, BRANTLEY SMITH ("Plaintiff"), by counsel, and for his Complaint against Defendant, FRANCIS ASBURY UNITED METHODIST CHURCH, ("Defendant") of the City of Virginia Beach, Virginia, states as follows:

## NATURE OF THE CLAIMS

This is an action for declaratory relief, compensatory damages, and other appropriate relief, legal and equitable brought by Plaintiff to redress Defendant's unlawful employment practices of retaliation in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* as amended, (Supp. II. 1991)("Title VII").

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §2000e *et seq.* because this action involves federal questions regarding the deprivation of Plaintiff's rights pursuant to federal civil rights laws.

2.      Venue is proper in the Norfolk Division of the Eastern District of Virginia pursuant to 42 U.S.C. §2000e-(5)(f)(3) because the unlawful employment practices occurred in the City of

1

Virginia Beach, Virginia which is located in this division and district. Furthermore, the relevant employment records are believed to be maintained and administered in the City of Virginia Beach, Virginia which is located within this division and district. Finally, pursuant to 28 U.S.C. §1391(b), Defendant is located within this division and district.

## PARTIES

3. Plaintiff is a male citizen of the United States of America and at all times relevant to this cause of action was a resident of Virginia Beach, Virginia and an employee of Defendant.

4. Defendant, at all times relevant to this cause of action, is an unincorporated association of individuals associated with the United Methodist Church.

5. Defendant is an "employer" within the meaning of sections 701(b), 703(a) and 704(a) of Title VII in that it employed more than the requisite number of persons for duration under Title VII and engaged in practices prohibited by Title VII.

## PROCEDURAL REQUIREMENTS

6. Plaintiff filed a timely charge of retaliation against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"), and received his Notice of Right to Sue within ninety (90) days of filing this action. A copy of the Notice of Right to Sue is attached hereto as Exhibit 1.

7. Plaintiff has exhausted all administrative remedies prior to filing suit.

## FACTS COMMON TO ALL COUNTS

8. In or about March of 2020, Defendant, a church with over fifteen employees (as defined by Title VII) during the time relevant to this litigation, hired Plaintiff to work on a part-time basis as its Interim Modern Worship Director.

2

9.     In or about September of 2020, Defendant removed the Interim label from Plaintiff's title and promoted him to the full-time Modern Worship Director.

10.    In or about July of 2022, Derrick Parson ("Pastor Parson") became Defendant's lead pastor.

11.    During his employment, Plaintiff worked with Rebecca Willett ("Ms. Willett") who was employed by the Defendant as its Traditional Music Director.

12.    Defendant employed Ms. Willett as its Traditional Music Director.

13.    In July and August of 2024, Ms. Willett confided to Plaintiff that Pastor Parson repeatedly made statements to her that caused her to be uncomfortable.

14.    Ms. Willett reported to Plaintiff that on multiple occasions, Pastor Parson told her how beautiful and attractive she was.

15.    Ms. Willet further informed Plaintiff that Pastor Parson directed her to rely upon her appearance and use her "looks" to her advantage.

16.    During this same time period, Pastor Parson informed Plaintiff that he found Ms. Willett attractive.

17.    Plaintiff was concerned that Pastor Parson was violating sexual harassment laws and that Defendant would be liable for Pastor Parson's actions.

18.    Plaintiff was also concerned that Pastor Parson was violating Ms. Willett's civil rights.

19.    Accordingly, in good faith, Plaintiff offered to assist Ms. Willett with resolving Pastor Parson's behavior.

20.    Plaintiff was especially concerned because this was not the first time Pastor Parson commented on female employees in a manner that caused them to be uncomfortable.

21.    For example, in the Spring of 2023, Pastor Parson previously referred to a former college

intern, Elizabeth Lee, as "Vanna White" based upon her appearance.

22. Ms. Lee was clearly uncomfortable with this reference.

23. By way of further illustration, in September of 2023, Pastor Parson also sent an email to Tiffany Boada, a board member of a preschool affiliated with the Defendant, in which he said she could not wait to get a hug from her.

24. In a good faith effort to address any behavior which could be considered harassing and violative of coworkers' civil rights, Plaintiff had reported these incidents to Lenny Lyon ("Mr. Lyon") who was the chief of staff parish.

25. Pastor Parson's behavior did not change after Plaintiff reported his behavior to Mr. Lyon.

26. Ms. Willett accepted Plaintiff's offer to help her address Pastor Parson's behavior.

27. Accordingly, in a good faith effort to protect both Ms. Willett and Defendant, Plaintiff contacted a lay leader of Defendant, Dr. Betsy Mason, ("Dr. Mason") in order to raise these concerns.

28. Dr. Mason and Ms. Willett eventually met to discuss Ms. Willet's concerns.

29. Ms. Willett tendered her resignation shortly thereafter.

30. On Ms. Willett's last day as an employee of Defendant, Plaintiff, in a good faith effort to address the perceived illegal behavior, told Pastor Parson that his comments towards Ms. Willett regarding her appearance and desirability is what caused her to leave.

31. Further, Plaintiff, in a good faith effort to address Pastor Parson's behavior, told him that other female employees of Defendant had complained about his inappropriate comments.

32. In response, Pastor Parson became exceptionally angry at Plaintiff.

33. In a good faith effort to address Pastor Parson's behavior, Plaintiff reported the

4

communication with Pastor Parson to Mr. Lyon in late October of 2024.

34.    On or about November 20, 2024, Defendant terminated Plaintiff's employment on the basis that "you (Plaintiff) don't like working with Pastor Parson."

## COUNT I – RETALIATION IN VIOLATION OF TITLE VII

35.    Plaintiff herein restates and re-alleges by reference each and every allegation in ¶¶ 1 - 34, as if set forth fully herein.

36.    It is illegal for an employer to take an adverse action against an employee who engages in protected activity.

37.    Protected activity includes an employee's opposition to what he believes is an unlawful employment practice pursuant to Title VII of the Civil Rights Act of 1991.

38.    Protected activity can also take the form of assisting or participating in an investigation of these employment practices.

39.    Adverse actions include termination of employment.

40.    A causal link can be shown by the closeness in time between the protected activity and the adverse employment action.

41.    A causal link can also be shown by circumstantial evidence or a pretextual reason.

42.    In this case, Plaintiff engaged in protected activity by opposing, reporting, and participating in an investigation of behavior which he believed was unlawful.

43.    Defendant terminated Plaintiff's employment shortly after he engaged in this behavior.

44.    There was no legitimate job-related reason for Plaintiff's employment to be terminated.

45.    As a direct and proximate result of Defendant's retaliatory conduct in violation of Title VII, Plaintiff has suffered lost wages, and further continues to suffer severe mental anguish and

5

emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self confidence, and emotional pain and suffering for which he is entitled to an award of damages.

## COUNT II – VIOLATION OF CODE OF VIRGINIA 40.1-27.3

46. Plaintiff herein restates and re-alleges by reference each and every allegation in ¶¶ 1 - 45, as if set forth fully herein.

47. Code of Virginia 40.1-27.3 prohibits an employer from taking retaliatory measures (including termination) against employees for reporting in good faith violations of any federal or state law to a supervisor.

48. Defendant retaliated against Plaintiff by terminating his employment due to his reporting of violations of federal law to his supervisors.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court enter judgment for Plaintiff and against Defendant, and order the following relief:

A. An Order directing Defendant to pay Plaintiff all Backpay owed to him with prejudment and postjudgment interest;

B. An Order directing Defendant to pay Defendant all Frontpay owed to him with prejudgment and postjudgment interest;

C. A Permanent Injunction prohibiting Defendant from engaging in Discriminatory Employment Practices;

D. An Order directing Defendant to pay Plaintiff's Attorney's Fees;

E. An Order directing Defendant to pay Plaintiff Consequential and Compensatory

Damages for non-pecuniary losses, including but not limited to emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, plus postjudgment interest.

F.    An Order directing Defendant to pay Plaintiff Punitive Damages for Defendant's reckless indifference to Plaintiff's federally protected rights, plus postjudgment interest.

G.    An Order directing Defendant to pay Plaintiff his costs and expenses incurred by bringing this action; and

H.    Such other relief to Plaintiff as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**BRANTLEY SMITH**

By: _____

**Counsel**

Gregory William Klein, Esquire
Virginia State Bar No. 73110
Attorney for Brantley Smith
KLEIN, ROWELL & SHALL, PLLC
1294 Diamond Springs Road
Virginia Beach, VA 23455
Phone: 757-432-2500
Fax:    757-432-2100
greg@krslaw.com

7